ROBBINS GELLER RUDMAN
  & DOWD LLP
SHAWN A. WILLIAMS (213113)
AELISH M. BAIG (201279)
HADIYA K. DESHMUKH (328118)
SNEHEE KHANDESHI (342654)
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone: 415/288-4545
415/288-4534 (fax)
shawnw@rgrdlaw.com
aelishb@rgrdlaw.com
hdeshmukh@rgrdlaw.com
skhandeshi@rgrdlaw.com
    – and –
DANIELLE S. MYERS (259916)
MICHAEL ALBERT (301120)
KENNETH P. DOLITSKY (345400)
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
dmyers@rgrdlaw.com
malbert@rgrdlaw.com
kdolitsky@rgrdlaw.com

Lead Counsel for Lead Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DANIEL FAGAN, Individually and on Behalf of All Others Similarly Situated,<br><br>                    Plaintiff,<br><br>  vs.<br><br>AMPLITUDE, INC., et al.,<br><br>                   Defendants. | Case No. 3:24-cv-00898-VC<br><br>CLASS ACTION<br><br>LEAD PLAINTIFF'S NOTICE OF MOTION AND MOTION TO STRIKE APPENDIX A IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF<br><br>DATE:      September 19, 2024<br>TIME:      10:00 a.m.<br>DEPT:     4, 17th Floor<br>JUDGE:   Honorable Vince Chhabria |

4866-6467-9638.v1

**NOTICE OF MOTION AND MOTION**

TO:    ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD

PLEASE TAKE NOTICE that on September 19, 2024, at 10:00 a.m., before the Honorable Vince Chhabria, United States District Judge, at the United States District Court, Northern District of California, San Francisco Division, 450 Golden Gate Avenue, Courtroom 4, 17th Floor, San Francisco, California 94102, Lead Plaintiff Chicago & Vicinity Laborers' District Council Pension Fund ("Plaintiff"), hereby brings this Motion, pursuant to Rule 7-1 of the United States District Court for the Northern District of California Local Rules and the Standing Order for Civil Cases Before Judge Vince Chhabria ("Standing Order"), for an order to strike Appendix A in Support of Defendants' Motion to Dismiss (ECF 56-1) ("Appendix A"). This Motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities in Support Thereof, all pleadings and papers filed herein, arguments of counsel, and any other matters properly before the Court.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION**

The Court should strike Appendix A, which Defendants filed in connection with Defendants' Motion to Dismiss Plaintiff's Complaint (ECF 56) ("Motion to Dismiss"), because it is in excess of this Court's page limit on such briefs.[1] Defendants' Motion to Dismiss already fulfills the 15-page limit. Appendix A is an additional ten-page chart purporting to list the statements Plaintiff alleges are false and misleading and providing argument on why each "statement is not actionable." The appropriate remedy is to strike Appendix A.

**II.    BACKGROUND**

This is a securities class action brought on behalf of all persons who purchased or otherwise acquired Amplitude common stock between September 28, 2021 and February 16, 2022, inclusive, against Amplitude and certain of its current and former directors and officers, including Skates, the Company's Chief Executive Officer, and Vuong, the Company's former Chief Financial Officer, for violations of §§10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C.

---

[1] "Defendants" are Amplitude, Inc. ("Amplitude" or the "Company") and "Individual Defendants" Spenser Skates ("Skates") and Hoang Vuong ("Vuong").

§§78j(b) and 78t(a), and Rule 10b-5 promulgated thereunder, 17 C.F.R. §240.10b-5.  Plaintiff filed its Complaint on June 13, 2024, and Defendants filed their Motion to Dismiss and Appendix A on July 12, 2024.

### III.    ARGUMENT

Unless expressly permitted otherwise, this Court limits briefs filed in support of motions to 15 pages.  Standing Order, ¶35.  This page limit "include[s] summaries of argument and exclude[s] the title page, table of contents, table of authorities, and exhibits."  *Id.*  Moreover, "motions to increase page limits will almost never be granted, but any such motion must be filed no later than 72 hours before the brief is due."  *Id.*, ¶38.  Appendix A violates the Court's Standing Order and, as a result, should be stricken.

Courts routinely strike similar charts that exceed the page limit.  *In re Acadia Pharms. Inc. Sec. Litig.*, 2020 WL 2838686, at *3 (S.D. Cal. June 1, 2020) (striking chart in excess of page limit that defendants made for the court's "convenience"); *Cheng Jiangchen v. Rentech, Inc.*, 2017 WL 10363990, at *4 (C.D. Cal. Nov. 20, 2017) ("chart allows [d]efendants to make further arguments in violation of [l]ocal [r]ule").  Argument should be limited to the text of the brief.  *Think Village-Kiwi, LLC v. Adobe Sys., Inc.*, 2009 WL 3837270, at *7 (N.D. Cal. Nov. 16, 2009) (striking chart submitted as an exhibit); *see also United States v. Pac. Gas & Elec. Co.*, 2016 WL 3001160, at *2 n.3 (N.D. Cal. May 25, 2016) (striking argument where notice contained argument beyond that in memorandum, which had already met page limit).

Here, Appendix A adds an additional ten pages beyond the Court's 15-page limit.  In addition to listing the alleged misstatements – in some instances incorrectly – Appendix A also explicitly provides argument in the column titled: "Reason(s) Why Statement Is Not Actionable."  This individual analysis of statements goes beyond Defendants' Motion to Dismiss, providing argument in excess of the page limit.  Even if the chart were strictly a summary of the briefing, this Court's rules are clear: "page limits include summaries of argument."  As such, the chart should be stricken.

In summary, Defendants did not seek leave of Court to extend the prescribed page limit prior to filing their Motion to Dismiss and Appendix A.  Accordingly, Appendix A and references to the appendix should be stricken.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests this Court strike Appendix A and all references thereto in Defendants' Motion to Dismiss.

DATED:  August 9, 2024

Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
SHAWN A. WILLIAMS
AELISH M. BAIG
HADIYA K. DESHMUKH
SNEHEE KHANDESHI


                    s/ Shawn A. Williams
                   SHAWN A. WILLIAMS

Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
shawnw@rgrdlaw.com
aelishb@rgrdlaw.com
hdeshmukh@rgrdlaw.com
skhandeshi@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIELLE S. MYERS
MICHAEL ALBERT
KENNETH P. DOLITSKY
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
dmyers@rgrdlaw.com
malbert@rgrdlaw.com
kdolitsky@rgrdlaw.com

Lead Counsel for Lead Plaintiff