ROBBINS GELLER RUDMAN
  & DOWD LLP
SHAWN A. WILLIAMS (213113)
AELISH M. BAIG (201279)
HADIYA K. DESHMUKH (328118)
SNEHEE KHANDESHI (342654)
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
shawnw@rgrdlaw.com
aelishb@rgrdlaw.com
hdeshmukh@rgrdlaw.com
skhandeshi@rgrdlaw.com
        – and –
DANIELLE S. MYERS (259916)
MICHAEL ALBERT (301120)
KENNETH P. DOLITSKY (345400)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
dmyers@rgrdlaw.com
malbert@rgrdlaw.com
kdolitsky@rgrdlaw.com

Lead Counsel for Lead Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DANIEL FAGAN, Individually and on Behalf of All Others Similarly Situated, ) <br><br> Plaintiff, ) <br><br> vs. ) <br><br> AMPLITUDE, INC., et al., ) <br><br> Defendants. ) | Case No. 3:24-cv-00898-VC <br><br> <u>CLASS ACTION</u> <br><br> LEAD PLAINTIFF'S OPPOSITION TO REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS |

Plaintiff[1] hereby opposes Defendants' Request for Judicial Notice in Support of Defendants' Motion to Dismiss (ECF 56-14) ("RJN"), filed concurrently with Defendants' Notice of Motion and Motion to Dismiss Plaintiff's Complaint (ECF 56) ("MTD").

## I.    INTRODUCTION

Defendants' request to incorporate by reference or take judicial notice of 11 exhibits is an improper effort to dispute questions of fact critical to Plaintiff's Amended Complaint for Violation of the Federal Securities Laws (ECF 55) ("Complaint").  Properly used, the incorporation-by-reference doctrine and judicial notice have a role; but the "overuse and improper application of [these doctrines] can lead to unintended and harmful results." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018).[2]  In *Khoja*, the Ninth Circuit specifically warned against defendants trying to "exploit[] these procedures improperly to defeat what would otherwise constitute adequately stated claims at the pleading stage." *Id.*  Defendants cannot "pile on numerous documents to their motions to dismiss" in an effort to present their own version of the facts.  *Id.*

Here, Defendants improperly ask the Court to accept each document incorporated by reference as true (RJN at 2), despite that several of the documents contain the alleged misstatements at issue and are thus plainly disputed.  Alternatively, Defendants ask the Court to judicially notice these "facts" supposedly in the "public record," although they are subject to reasonable dispute.  RJN at 2.  This amounts to little more than an attempt to raise an improper truth-on-the-market defense at the motion-to-dismiss phase.  *Bos. Ret. Sys. v. Uber Techs., Inc.*, 2020 WL 4569846, *6 (N.D. Cal. Aug. 7, 2020) (truth-on-the-market defense "not available at the motion to dismiss stage").  Defendants' attempt to undermine the Complaint by pushing their own version of the facts should be rejected.

---

[1]    "Plaintiff" is Lead Plaintiff Chicago & Vicinity Laborers' District Council Pension Fund. "Defendants" are Amplitude, Inc. ("Amplitude" or the "Company") and "Individual Defendants" Spenser Skates ("Skates") and Hoang Vuong ("Vuong").

[2]    Unless otherwise noted, all emphasis is added and citations are omitted.

## II.    LEGAL STANDARD

Generally, courts "'may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion.'" *Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001).  There are two limited exceptions to this rule: the incorporation-by-reference doctrine and judicial notice under Rule 201 of the Federal Rules of Evidence.  *Khoja*, 899 F.3d at 998.

**Incorporation by Reference**: Incorporation by reference is a "judicially created doctrine that treats certain documents as though they are part of the complaint itself." *Khoja*, 899 F.3d at 1002.  A document may only be incorporated by reference if "'the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim.'" *Id*.  "[T]he mere mention of the existence of a document is insufficient to incorporate the contents of a document.  *Id.* (citing *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010)).  Likewise, "if the document merely creates a defense to the well-pled allegations in the complaint, then that document did not necessarily form the basis of the complaint." *Khoja* at 1002.  The Ninth Circuit has made clear that the incorporation-by-reference "doctrine is not a tool for defendants to short-circuit the resolution of a well-pleaded claim." *Id.* at 1003.  Thus, it is "improper to assume the truth of an incorporated document if such assumptions only serve to dispute facts stated in a well-pleaded complaint." *Id*.  Improper incorporation prevents plaintiffs from having an opportunity to respond, and the defendant's "newly-expanded version of the complaint" can topple plaintiffs' "otherwise cognizable claims." *Id*.

**Judicial Notice**: Pursuant to Rule 201(b) of the Federal Rules of Evidence, a Court "may judicially notice a[n] [adjudicative] fact that is not subject to reasonable dispute." Adjudicative facts are those "'concerning the immediate parties – who did what, where, when, how, and with what motive or intent,'" *i.e.*, "'the facts that normally go to the jury in a jury case.'" Fed. R. Evid. 201 Advisory Committee note.  A fact that is not subject to reasonable dispute is one that is "generally known" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(1)-(2).  A court may also take judicial notice of "'matters of public record,'" but it "cannot take judicial notice of disputed facts contained in such public records." *Khoja*, 899 F.3d at 999; *see Lee*, 250 F.3d at 689.

## III.    ARGUMENT

Defendants contend the Court should incorporate by reference or judicially notice Exhibits 1-11[3] because they are referenced in the Complaint. Plaintiff does not object to the Court's incorporation of these documents, but the Court should reject: (1) Defendants' request to adopt the entirety of each document as true; and (2) Defendants' use of the documents to insert their own version of the truth into the motion to dismiss. RJN at 2; *see generally* MTD. The Court should also deny Defendants' request to judicially notice Exhibits 1-11 because the facts Defendants identify are plainly in dispute. Fed. R. Evid. 201(b)(2).

### A.    U.S. Securities and Exchange Commission ("SEC") Filings and Press Releases

**Exhibit 1** (Amplitude's August 30, 2021 Registration Statement on Form S-1 ("Registration Statement"))

Plaintiff does not object to the incorporation of Exhibit 1 because Plaintiff references to and quotes from the Registration Statement. However, the Court should reject Defendants' request to assume the truth of the document because Defendants rely on the document to present their own version of the facts. *See Khoja*, 899 F.3d at 999, 1003 ("If defendants are permitted to present their own version of the facts at the pleading stage – and district courts accept those facts as uncontroverted and true – it becomes near impossible for even the most aggrieved plaintiff to demonstrate a sufficiently 'plausible' claim for relief."). These facts are likewise improper for judicial notice because they are disputed and subject to different interpretations. *Id.* at 1000 (judicial notice improper when substance of document is subject to varying interpretations and there is a reasonable dispute as to what the document establishes).

For example, Defendants refer to Exhibit 1 to contend that Amplitude "accurately described" the Company's strong customer growth and its land-and-expand strategy. MTD at 2. Defendants also claim that Amplitude's growth was "due to a relatively small number of customers expanding their purchases." MTD at 2-3. Although Defendants cite Exhibit 1 for these assertions, these are

---

[3] All "Ex. _" citations herein are to the exhibits (ECF 56-3 through 56-13) attached to Defendants' Declaration of Jessica Valenzuela in Support of Defendants' Motion to Dismiss (ECF 56-2). All "¶_" citations are to the Complaint.

Defendants' own conclusions not found within the Registration Statement.  MTD at 3; Ex. 1. Defendants' interpretations of information in the Registration Statement are disputed questions of fact that should not be accepted as true.

Likewise, Defendants improperly rely on Exhibit 1 to suggest that the Company adequately warned investors of risks to future performance, including risks arising from COVID-19.  MTD at 3, 8, 10-11.  Whether the Registration Statement provides adequate disclosure is a quintessential question of fact improper for resolution here.  Incorporation for this purpose is not warranted as Defendants are attempting to create a "defense to the well-pled allegations in the [C]omplaint" without giving Plaintiff the opportunity to respond through discovery.  *Khoja*, 899 F.3d at 1002.

Finally, Exhibit 1 is a 21-page excerpt from the 711-page Registration Statement, belying Defendants' arguments that incorporation "prevents plaintiffs from selecting only portions of documents that support their claims" and that "[n]otice of the full text of documents referenced in a complaint is proper under the doctrine of incorporation by reference."  RJN at 2.  Defendants cherry-pick a handful of statements among hundreds of generic risk factors spanning nearly 50 pages.  The excerpted document only highlights Defendants' attempt to engage in improper factual disputes at the motion-to-dismiss stage.  *See Khoja*, 899 F.3d at 1002 (prohibition against resolving factual disputes at the pleading state); *see also United States v. Boeing Co.*, 2023 WL 3075867, at *6 n.8 (W.D. Wash. Apr. 25, 2023) (declining to judicially notice incomplete document); *Ctr. for Cmty. Action and Env't Just. v. Friends of Riverside Airport*, *LLC*, 2017 WL 10511577, at *5 (C.D. Cal. Sept. 28, 2017) (same)*; Butcher v. Advanced Mineral Techs., Inc.*, 2011 WL 810256, at *4 (D. Nev. Mar. 2, 2011) (declining to incorporate by reference incomplete exhibit).

**Exhibit 2** (September 13, 2021 Amendment No. 1 to Registration Statement on Form S-1 ("Amendment to the Registration Statement"))

Exhibit 2 should not be incorporated by reference because Plaintiff's Complaint only mentions, in one footnote, the mere existence of the document.  ¶4 n.1; *see Coto Settlement*, 593 F.3d at 1038 ("[T]he mere mention of the existence of a document is insufficient to incorporate the contents of a document.").  Although the Complaint considers the Amendment to the Registration Statement a part of what it calls "Registration Statement," Plaintiff does not specifically rely on or

reference the substance of the document.  ¶4 n.1.  The Complaint does not consider at all the chart of stock holdings on which Defendants rely for their argument.  Ex. 2 at 4-5.

Nevertheless, Defendants seek to rely on the truth of assertions in Exhibit 2 as their basis for disputing the percentage of shares sold by the Individual Defendants and other insiders.  MTD at 14; *see Khoja*, 899 F.3d at 1003 (It is "improper to assume the truth of an incorporated document if such assumptions only serve to dispute facts stated in a well-pleaded complaint.").  Courts routinely deny judicial notice of the defendant's stock sales.  *See, e.g.*, *Maiman v. Talbott*, 2010 WL 11421950, at *7 (C.D. Cal. Aug. 9, 2010) ("The Court joins the courts that decline to take judicial notice of defendants' stock purchases reflected in Forms 4 . . . judicial notice should not be taken of the truth of their contents."); *In re AppHarvest Sec. Litig.*, 2023 WL 4866233, at *18 (S.D.N.Y. July 31, 2023) ("the Court may only take judicial notice that these Forms 4 exist, not for the truth of their contents"); *see, e.g.*, *Morris v. Smith Micro Software, Inc*., 2012 WL 12948541, at *3 (C.D. Cal. May 21, 2012) (declining "to judicially notice the . . . [trade] dates and volume of stock purchases listed in SEC Form 4s").

Here, Plaintiff does not object to the Court's consideration of Exhibit 2 and what is stated therein; but crediting Defendants' conclusions drawn from the document is improper.  Moreover, Defendants draw impermissible conclusions from Exhibit 2, calculating the percent of each Individual Defendants' total holdings sold during the class period using information extrinsic to the document.  *Compare* MTD at 14 *with* Ex. 2 at 4-5.  These calculations are plainly Defendants' interpretation of the information in the Amendment to the Registration Statement, and the percent of shares sold is a disputed fact.  *See* MTD Opp. at 12-13.  Thus, incorporation by reference and judicial notice of Exhibit 2 are improper for factually disputing Individual Defendant's stock sales.

**Exhibit 5** (November 9, 2021 Document Titled: "Amplitude Announces Third Quarter 2021 Financial Results")

Plaintiff does not object to the incorporation of Amplitude's financial press release "'to "indicate what was in the public realm at the time"'" but does object to treating the ""'contents of those articles [as if they] were in fact true."'" *Meekins v. Chipotle Servs., LLC*, 2018 WL 6503498,

at *3 (C.D. Cal. Dec. 11, 2018).  As above, Defendants cannot use Exhibit 5 to resolve factual disputes against a plaintiff's well-pled allegations in the complaint.  *See Khoja*, 899 F.3d at 1014.

### B.    Transcripts

**Exhibit 3** (September 14, 2021 Amplitude Investor Day Conference Transcript)
**Exhibit 4** (September 21, 2021 Amplitude 2Q21 Earnings Call Transcript)
**Exhibit 6** (November 9, 2021 Amplitude 3Q21 Earnings Call Transcript)
**Exhibit 9** (December 7, 2021 UBS Global TMT Conference Call Transcript)

Plaintiff does not object to the incorporation of these conference calls, the dates on which they occurred, or what was recorded.  Plaintiff does, however, object to Defendants' characterization of the content of the calls and any conclusions they draw from them.  Here, Defendants seek to rely on conference call documents to argue that the market was sufficiently aware of the facts about which Plaintiff alleges Amplitude misled the public.  Defendants' conclusions regarding the sufficiency of what was revealed to the market is a factual question not properly resolved on a motion to dismiss.  *See In re Splunk Inc. Sec. Litig.*, 592 F. Supp. 3d 919, 930 (N.D. Cal. 2022) (refusing to consider documents for the purpose of resolving factual disputes).

For example, Defendants contend that Exhibits 3 and 6 show that Amplitude already disclosed that the "land and expand strategy was still years away from accelerating revenue growth." MTD at 15.  However, Defendants' MTD only quotes materials indicating the Company disclosed that it could not predict when ***individual*** customers would expand their contracts (MTD at 4, 8), which is different from disclosing that the Company was years away from accelerating revenue growth across its 1,200 paying customers taken as a whole.  ¶6.  Defendants' attempt to have their preferred interpretation of these statements accepted as true is plainly improper and amounts to "the unscrupulous use of extrinsic documents to resolve competing theories against the complaint." *Khoja*, 899 F.3d at 998.  As *Khoja* made clear, judicial notice of the transcript is improper "when the substance of the transcript 'is subject to varying interpretations, and there is a reasonable dispute as to what the [transcript] establishes.'"  *Id*. at 1000.

Likewise, Defendants rely on Exhibits 4, 6, and 9 to put forth alternate interpretations of what Defendants revealed to the market concerning COVID-19's impact on Amplitude's revenue and the impact of pull-forward activity on revenue growth.  MTD at 10, 15.  These documents

should not be incorporated for the purpose of disputing Plaintiff's alleged facts, nor can they be judicially noticed where their meaning is subject to dispute.

### C.    Analyst Reports

**Exhibit 7** (November 10, 2021 UBS Global Research report titled "High Growth Persists, Tough Sequential Comps")
**Exhibit 8** (November 10, 2021 William Blair report titled "Strong Third Quarter with Top-Line Growth Accelerating to 72%, Robust Demand Environment Drives Outperformance.")
**Exhibit 10** (January 27, 2022 UBS Global Research report titled "Fresh Checks Ahead of the 4QF21 Print")
**Exhibit 11** (February 16, 2022 Citi Research report titled "Solid Q4 but stumped by 2022 guidance")

Like the call transcripts above, Plaintiff does not object to the incorporation of the analyst reports to which Plaintiff refers and from which Plaintiff quotes in the Complaint. Plaintiff does object to Defendants' attempt to use the analyst reports to improperly insert their own version of the events into the well-pled Complaint. *Khoja*, 899 F.3d at 1002. The Court may consider these documents in their entirety; but as they are being used to dispute the facts of the Complaint, their truth cannot be assumed. *Id.* at 1002-03.

Here, Defendants rely on the analyst reports to draw inferences about what Defendants disclosed to the market. For example, Plaintiff's Complaint cites Exhibit 10, the January 27, 2022 UBS report, to indicate Defendants downplayed the significance that pull-forward activity had on 2Q21 revenue growth. ¶79. Defendants cite the same report to indicate Amplitude was vocal that 2Q21 "'benefited from some larger than normal expansion deals and early renewals.'" MTD at 10. The analyst reports should not be incorporated for the purpose of resolving such factual disputes at this stage.

The Court may also judicially notice the simple fact that these reports were "published on the dates . . . that [D]efendants represent they were," *Uber*, 2020 WL 4569846, at *3, but may not notice Defendants' conclusions drawn from the report. For example, Defendants claim the reports indicate: "[a]nalysts immediately picked up on [Defendants'] disclosures," MTD at 4, and "the market understood the Company's disclosures." MTD at 10. As *Khoja* made clear, judicial notice is improper where the document is "'subject to varying interpretations, and there is a reasonable dispute as to what the [document] establishes.'" *Khoja*, 899 F.3d at 1000.

## IV.    CONCLUSION

For the foregoing reasons, the Court should either deny Defendants' RJN or not accept as true the disputed information contained in these exhibits.

DATED:  August 9, 2024

Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
SHAWN A. WILLIAMS
AELISH M. BAIG
HADIYA K. DESHMUKH
SNEHEE KHANDESHI

s/ Shawn A. Williams
SHAWN A. WILLIAMS

Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
shawnw@rgrdlaw.com
aelishb@rgrdlaw.com
hdeshmukh@rgrdlaw.com
skhandeshi@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIELLE S. MYERS
MICHAEL ALBERT
KENNETH P. DOLITSKY
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
dmyers@rgrdlaw.com
malbert@rgrdlaw.com
kdolitsky@rgrdlaw.com

Lead Counsel for Lead Plaintiff