GIBSON, DUNN & CRUTCHER LLP
JESSICA VALENZUELA, SBN 220934
  jvalenzuela@gibsondunn.com
JEFF LOMBARD, SBN 285371
  jlombard@gibsondunn.com
310 University Avenue
Palo Alto, California  94301-1744
Telephone:    650.849.5300
Facsimile:    650.849.5333

BRIAN M. LUTZ, SBN 255976
  blutz@gibsondunn.com
One Embarcadero Center, Suite 2600
San Francisco, California  94111-3715
Telephone:    415.393.8200
Facsimile:    415.393.8306

*Attorneys for Defendants*
*Amplitude, Inc., Spenser Skates,*
*and Hoang Vuong*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CHICAGO & VICINITY LABORERS' DISTRICT COUNCIL PENSION FUND, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>AMPLITUDE, INC., SPENSER SKATES, and HOANG VUONG,<br><br>Defendants. | CASE NO. 3:24-cv-00898-VC<br><br><u>CLASS ACTION</u><br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE APPENDIX A IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**<br><br>Date Action Filed:  February 14, 2024 |

Gibson, Dunn &
Crutcher LLP

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE APPENDIX A IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS
CASE NO. 3:24-CV-00898-VC

Defendants Amplitude, Inc., Spenser Skates, and Hoang Vuong (collectively "Defendants") submit this Opposition to the Motion to Strike Appendix A filed by Plaintiff Chicago & Vicinity Laborers' District Council Pension Fund ("Plaintiff"). Plaintiff's Motion to Strike should be denied.

Plaintiff attempts to cast Defendants' Appendix A as a backdoor to exceed the Court's page limit requirements. It is no such thing. Appendix A provides in chart form the twenty-one statements that are alleged in the Complaint to be false and misleading and notes which arguments in Defendants' Motion to Dismiss apply to each alleged misstatement. It does not contain any new argument or even repeat argument set forth in the Motion to Dismiss. It is submitted solely as an aid for the Court, given the complexity and puzzle-pleading employed in the Complaint. A number of judges in this district *require* parties to submit charts similar to Appendix A in cases, like this one, governed by the Private Securities Litigation Reform Act. *See* Standing Order for Civil Cases Before District Judge Hon. Araceli Martinez-Olguin, at § J (Nov. 22, 2023); *accord* Standing Order in Civil Cases, Judge Hon. Yvonne Gonzalez Rogers, at § 14 (May 6, 2024) (requiring plaintiffs to file chart with their complaint identifying false and misleading statements, the reasons why the statements are false or misleading, and the facts supporting scienter for each alleged misstatement); Civil Standing Order – General, Judge Hon. Edward M. Chen, at § 10 (Dec. 1, 2022) (same); Standing Order for Civil Cases Before Judge Hon. Rita F. Lin, at p. 10 (May 17, 2024) (same).

Additionally, Plaintiff cites no authority from this Court or within *this* district indicating charts like Appendix A are improper. The two opinions from this district that Plaintiff cites are inapposite. First, they do not involve shareholder claims under federal securities laws where such charts are either required or commonly submitted. Second, the appendices in those cases were stricken because, unlike here, they contained new argument that was not in defendants' briefs. *See Think Village-Kiwi, LLC v. Adobe Sys., Inc.*, 2009 WL 3837270, at *7 (N.D. Cal. Nov. 16, 2009) ("The Court agrees with TVK that defense counsel was required to include all argument within the text of the reply brief."); *United States v. Pac. Gas & Elec. Co.*, 2016 WL 3001160, at *2 n.3 (N.D. Cal. May 25, 2016) ("The Court agrees that it was inappropriate for PG&E to include a two-page 'Notice,' which includes some legal argument.").

In short, charts like Appendix A that set out the statements in the complaint that are challenged

Gibson, Dunn &
Crutcher LLP

1

as false and misleading are common in lawsuits asserting claims under the PSLRA, are a useful aid to the Court in considering the defendants' motion to dismiss, and should not be stricken. *See, e.g.*, *Reckstin Fam. Tr. v. C3.ai, Inc.*, 2024 WL 734497, at *7 n.10 (N.D. Cal. Feb. 22, 2024) (Gilliam, J.) (considering chart submitted by defendant); *City of Sunrise Firefighters' Pension Fund v. Oracle Corp.*, 527 F. Supp. 3d 1151, 1173 n.12 (N.D. Cal. 2021) (Freeman, J.) (same); *Habelt v. iRhythm Techs., Inc.*, 2022 WL 971580, at *4 (N.D. Cal. Mar. 31, 2022) (Chen, J.) (same).

Plaintiff's Motion to Strike should be denied.

DATED: August 23, 2024

Respectfully submitted,

GIBSON, DUNN & CRUTCHER LLP

By: /s/ *Jessica Valenzuela*
Jessica Valenzuela

*Attorneys for Defendants Amplitude, Inc., Spenser Skates, and Hoang Vuong*

Gibson, Dunn & Crutcher LLP

2